Yasha Bronshteyn, Esq. SBN: 210248
Ginzburg & Bronshteyn, APC
11111 Santa Monica Boulevard, Suite 1840
Los Angeles, CA 90025
Tel. (310)914-3222
Fax (310)914-4242
Email: yasha@gbllp-law.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

---

ZUFFA, LLC d/b/a Ultimate Fighting Championship,

                Plaintiff,

  -against-

JAMES LATHAM, Individually, and d/b/a
EAST BAY RATS MOTORCYLE CLUB

                Defendant.

---

**COMPLAINT**

Civil Action No.

Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, GINZBURG & BRONSHTEYN, APC., complaining of the Defendant herein respectfully sets forth and alleges, as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Alameda County, which is within the Northern District of California, Oakland Division (28 U.S.C. § 1391(b) and 28 U.S.C. §84(a)).

4. This Court has personal jurisdiction over the parties in this action. Defendant to this action had or has an agent or agents who has or had independently transacted business in the State of California and certain activities of Defendant giving rise to this action took place in the State of California; more particularly, Defendants' acts of violating federal laws and

the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals took place within the State of California. Moreover, upon information and belief, Defendant has his principal place of business within the State of California; thus, this Court has personal jurisdiction over Defendant.

## THE PARTIES

5. The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118.

6. Plaintiff is the owner of the UFC 229 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for October 6, 2018, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

7. Upon information and belief the Defendant, JAMES LATHAM, resides at 676 Park Street #B, Alameda, CA 94501.

8. Upon information and belief the Defendant, JAMES LATHAM, is the owner, of EAST BAY RATS MOTORCYCLE CLUB located at 3025 San Pablo Avenue, Oakland, CA 94608.

9. Upon information and belief the Defendant, JAMES LATHAM, was the individual with supervisory capacity and control over the activities occurring within the establishment known as EAST BAY RATS MOTORCYCLE CLUB, located at 3025 San Pablo Avenue, Oakland, CA 94608.

10. Upon information and belief the Defendant, JAMES LATHAM, received a financial benefit from the operations of EAST BAY RATS MOTORCYCLE CLUB, on October 6, 2018.

11. Upon information and belief, Defendant, JAMES LATHAM, was the individual with close control over the internal operating procedures and employment practices of EAST BAY RATS MOTORCYCLE CLUB, on October 6, 2018.

12. Upon information and belief, the Defendant, EAST BAY RATS MOTORCYCLE CLUB, is located at 3025 San Pablo Avenue, Oakland, CA 94608, and had a capacity for 51-100 people on October 6, 2018.

13. Upon information and belief, the Defendant, EAST BAY RATS MOTORCYCLE CLUB, is a business entity, having its principal place of business at 3025 San Pablo Avenue, Oakland, CA 94608.

14. Upon information and belief, Defendant, JAMES LATHAM, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative means.

15. Upon information and belief, Defendant, JAMES LATHAM, charged a cover charge of $5.00 per person for each patron entering the commercial establishment known as EAST BAY RATS MOTORCYCLE CLUB.

16. Upon information and belief, Defendant, JAMES LATHAM, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative means.

17. Upon information and belief, Defendant, JAMES LATHAM, received a commercial benefit by exhibiting Plaintiff's content without paying the commercial license rate and charging a cover to their patrons to watch the exhibition of the Broadcast.

## COUNT I

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "17," inclusive, as though set forth herein at length.

19. Plaintiff is the owner of the UFC 229 Broadcast, including all undercard matches and the entire television Broadcast, scheduled for October 6, 2018, via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast").

20. Plaintiff's Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

21. Plaintiff, for a licensing fee, entered into licensing agreements with various entities in the State of California, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorizes and enables subscribers to unscramble and receive the satellite Broadcast.

22. The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

23. In order for anyone to obtain the Broadcast through a website intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **non-commercial, personal use only**.

24. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or his agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted,

received and/or de-scrambled Plaintiff's satellite signal and did exhibit the Broadcast at EAST BAY RATS MOTORCYCLE CLUB located at 3025 San Pablo Avenue, Oakland, CA 94608 at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

25. Upon information and belief, Plaintiff alleges that Defendant effected unauthorized interception and receipt of Plaintiff's Broadcast by ordering programming for residential use and subsequently displaying the programming in the commercial establishment known as EAST BAY RATS MOTORCYCLE CLUB for commercial gain and without authorization, or by such other means which are unknown to Plaintiffs and known only to Defendant.

26. Upon information and belief, Defendant and/or his agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's Broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited

to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, de-crypt, unscramble and receive the closed circuit, "IPTV", cable or satellite Broadcast; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. Recently emerging over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet, such as (1) Broadband or internet broadcast; and/or (2) Live Social Media Streaming ("Nano-Piracy") are additional methods in which pirated material can be obtained without requiring users to subscribe to a traditional cable or satellite pay-tv service such as Comcast, DIRECTV or Time Warner Cable and are readily available to anyone with a Smartphone. The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of the above described methods would allow Defendant to access the Broadcast unlawfully and without Plaintiffs authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendant

obtained the Broadcast. However, it is logical to conclude that Defendant utilized one of the above described methods or another to intercept and exhibit the Broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

27. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

28. By reason of the aforementioned conduct, the aforementioned Defendant willfully violated 47 U.S.C. §605 (a).

29. By reason of the aforementioned Defendant's violation of 47 U.S.C. §605 (a), Plaintiff has a private right of action pursuant to 47 U.S.C. §605.

30. As a result of the aforementioned Defendant's willful violation of 47 U.S.C. §605 (a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each Defendants.

31. Pursuant to 47 U.S.C. §605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

32. Plaintiff hereby incorporates paragraphs "1" through "31" as though fully set forth herein.

33. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the Defendant and/or their agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

34. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which Plaintiff had the distribution rights as to commercial establishments thereto.

35. Upon information and belief, the Defendant individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

36. By reason of the aforementioned conduct, all of the aforementioned Defendant willfully violated 47 U.S.C. §553, thereby giving

rise to a private right of action.

37. As a result of the aforementioned Defendant's violation of 47 U.S.C. §553, Plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

### **COUNT III**

38. Plaintiff hereby incorporates paragraphs "1" through "37" as though fully set forth herein.

39. Plaintiff, by contract, is the copyright owner of the exclusive rights of distribution and public performance as to commercial establishments to the broadcast, including all undercard matches and the entire television Broadcast for the UFC 229 Broadcast, scheduled for October 6, 2018, via closed circuit television and via encrypted satellite signal. The Certificate of Registration was filed with the U.S. Copyright Office on November 5, 2018 under Registration Numbers PA 2-165-622 and PA 2-165-625. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

40. As a copyright holder of the rights to the UFC 229 Broadcast, Plaintiff has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to exhibit same.

41. Defendant never obtained the proper authority or license from Plaintiff, or its authorized agent for commercial distribution, to publicly exhibit the UFC 229 Broadcast on October 6, 2018.

42. Upon information and belief, with full knowledge that the UFC 229 Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendant and/or his agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in her commercial establishment on October 6, 2018.

43. Specifically, upon information and belief, the Defendant and/or his agents, servants, workmen and employees unlawfully obtained the UFC 229 Broadcast, enabling Defendant to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

44. By reason of the aforementioned conduct, the Defendant willfully violated 17 U.S.C. §501(a).

45. By reason of the aforementioned Defendant's violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

46. As a result of Defendant's willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

47. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against each of the aforementioned Defendant granting to plaintiff the following:

> (a) Declare that Defendant's unauthorized exhibition of the October 6, 2018, UFC 229 Broadcast, violated the Federal Communications Act and that such violations were committed willfully and for purposes of Defendants' direct or indirect commercial advantage or for private financial gain.

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, for a recovery between $1,000 and $10,000 as to each Defendant pursuant to 47 U.S.C. §605 and enhanced damages of up to $100,000.00 for each defendant, *jointly and severally*, for their willful violation of 47 U.S.C. §605; and

(c) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii).

(d) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up to the maximum amount of $10,000.00 as to each Defendant for their violation of 47 U.S.C. §553 and enhanced damages of up to $50,000.00 for their willful violation of 47 U.S.C. §553; and

(e) Attorney's fees, interest, costs of suit as to each Defendant pursuant to 47 U. S. C. §553 (c)(2)(C).

(f) On the third cause of action, statutory penalties in an

amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up $30,000.00 pursuant to §504(c)(1) and enhanced damages in the amount of $150,000.00 pursuant to §504(c)(2) for their willful violation of 17 U.S.C. §501(a); and

(g) Attorney's fees, interest, costs of suit as to the Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

Dated:   July 1, 2019

**ZUFFA, LLC**

By: /s/Yasha Bronshteyn
YASHA BRONSHTEYN, ESQ.
Bar Roll No. 210248
GINZBURG & BRONSHTEYN, APC
11111 Santa Monica Boulevard
Suite 1840
Los Angeles, CA 90025
Email: yasha@gbllp-law.com
Telephone:  (310)914-3222
Facsimile:   (310)914-4242
*File No. ZU18-10CA-13*